107 F.3d 30
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Le Roy BLAND, Petitioner,
v.
DEPARTMENT of The Navy, Respondent.
 No. 96-3372.
 United States Court of Appeals, Federal Circuit.
 Feb. 7, 1997.
 
 Before ARCHER, Chief Judge, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Le Roy Bland appeals the Merit Systems Protection Board's (Board) dismissal of his petition for lack of jurisdiction. Because the Board lacked jurisdiction, this court affirms.
 
 BACKGROUND
 
 2
 The Department of the Navy (Navy) removed Mr. Bland from his position of Wiper (WM-07) with Military Sealift Command, Pacific, on April 8, 1994, for violating a July 6, 1993 "last chance" settlement agreement. Mr. Bland entered into the agreement in settlement of an earlier proposed removal due to alcohol abuse during duty hours. Mr. Bland agreed, in pertinent part, to seek treatment for his alcohol dependency and refrain from misconduct for twenty-four months or face removal from federal service. He further agreed to waive his Board appeal rights if he violated the agreement during the twenty-four month abeyance period.
 
 
 3
 On February 17, 1994, the Navy charged Mr. Bland with refusing to obey the lawful orders of competent authority. On March 31, 1994, the Navy notified Mr. Bland of its intention to remove him for violation of the last chance agreement. Mr. Bland filed an equal employment opportunity complaint, alleging racial discrimination. After the Secretary of the Navy determined that Bland's removal was non-discriminatory, Mr. Bland filed an appeal with the Board's San Francisco Regional Office.
 
 
 4
 The administrative judge issued an initial decision on November 14, 1995, dismissing the appeal for lack of jurisdiction. On September 3, 1996, the Board denied Mr. Bland's petition for review, but reopened the appeal on their own and issued a final modified decision affirming the administrative judge's dismissal for lack of jurisdiction.
 
 DISCUSSION
 
 5
 In reviewing a decision of the Board, this court examines the record to determine whether the Board's findings are arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence and whether the Board and the Navy followed proper procedure. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986).
 
 
 6
 When an employee signs a last chance agreement waiving future appeal rights to the Board, the Board lacks jurisdiction over further appeals unless the employee can show non-frivolous allegations that he did not violate the agreement, or that the agreement is unenforceable because the agency acted in bad faith or the employee's actions were not voluntarily. Stewart v. United States Postal Serv., 926 F.2d 1146, 1148-49 (Fed.Cir.1991); McCall v. United States Postal Serv., 839 F.2d 664, 667-68 (Fed.Cir.1988). Because Mr. Bland does not dispute the Navy's allegation that he breached the agreement, the issue in this case is whether the agreement is enforceable.
 
 
 7
 In his appeal, Mr. Bland contends that he was forced to sign the last chance agreement while he was under the influence of alcohol, and that the Navy had acted in bad faith. The Board, however, found the agreement to be valid. It determined that Mr. Bland voluntarily accepted the terms of the agreement and did not show that the Navy coerced him into signing it. The Board also found that Mr. Bland raised his concerns about signing the agreement under the influence of alcohol too late. The Board thus properly refused to consider this evidence in the absence of a showing that it could not have been raised earlier. See Pinat v. Office of Personnel Management, 931 F.2d 1544, 1545 (Fed.Cir.1991). Furthermore, it found his assertion to be inconsistent and unsupported by the facts and specifics of the case. As Mr. Bland failed to show any error sufficient to overturn the Board's decision, the Board correctly dismissed his appeal for lack of jurisdiction.